May Antoinette G. Teodoro (SBN 169494)
**M.G. TEODORO** *LAW*
1625 The Alameda, Ste. 800
San Jose, CA 95126
Telephone No. (408) 491-9756
Facsimile No. (408) 491-9760
Attorney for Defendants ROWENA R. LEE,
ROLANDO V. ROBERTO, ROSALINDA R. FELDE



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. C 08-00323 RMW |
| Plaintiff, | ANSWER OF INDIVIDUAL DEFENDANTS ROWENA LEE, ROLANDO ROBERTO AND ROSALINDA FELDE TO COMPLAINT AND CROSS-CLAIM FOR INDEMNIFICATION, BREACH OF AGENCY/FIDUCIARY DUTY |
| v. | |
| ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE, individually and dba INANG ROSING'S BBQ; and INANG ROSING'S BBQ, INC., an unknown business Entity dba INANG ROSING'S BBQ, | |
| Defendants. | |
| ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE, | |
| Cross-Claimants, | |
| v. | |
| INANG ROSING'S BBQ, INC., RODOLFO V. ROBERTO, DOES ONE through FIFTY, | |
| Cross-Defendants. | |

## ANSWER TO COMPLAINT

ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE, individual defendants above named, answer the complaint of Plaintiff J & J PRODUCTIONS, INC., as follows:

1.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint and on that basis deny each and every allegation contained therein.

2.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint and on that basis deny each and every allegation contained therein.

3.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and on that basis deny each and every allegation contained therein.

4.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and on that basis deny each and every allegation contained therein.

5.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint and on that basis deny each and every allegation contained therein.

6. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint and on that basis deny each and every allegation contained therein.

7. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 7 of the complaint except to assert the following: that ROWENA R. LEE turned over all responsibilities as President and CEO of Inang Rosing's BBQ, Inc. to her oldest brother, RODOLFO ROBERTO as of February 27, 2005; that ROWENA LEE, ROLANDO ROBERTO and ROSALINDA FELDE are each 20% shareholders of Inang Rosing's BBQ, Inc. but have not received any monies or payment from Inang Rosing's BBQ, Inc., either in the form of wages, salaries, dividends, profit shares, from the time of its inception to the present; that ROLANDO ROBERTO remains the named secretary and ROSALINDA FELDE remains the named treasurer of Inang Rosing's BBQ, Inc. but have not acted as such secretary and/or treasurer of the corporation at all times material to this action up to and including the date of this Answer.

8. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 8 of the complaint except to assert the following: that ROWENA R. LEE turned over all responsibilities as President and CEO of Inang Rosing's BBQ, Inc. to her oldest brother, RODOLFO ROBERTO as of February 27, 2005; that ROWENA LEE, ROLANDO ROBERTO and ROSALINDA FELDE are each 20% shareholders of Inang Rosing's BBQ, Inc. but have not received any monies or payment from Inang Rosing's BBQ, Inc., either in the form of wages, salaries, dividends, profit shares, from the time of its inception to the present; that ROLANDO ROBERTO remains the named secretary and

ROSALINDA FELDE remains the named treasurer of Inang Rosing's BBQ, Inc. but have not acted as such secretary and/or treasurer of the corporation at all times material to this action up to and including the date of this Answer.

9.  Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 9 of the complaint except to assert the following: that ROWENA R. LEE turned over all responsibilities as President and CEO of Inang Rosing's BBQ, Inc. to her oldest brother, RODOLFO ROBERTO as of February 27, 2005; that ROWENA LEE, ROLANDO ROBERTO and ROSALINDA FELDE are each 20% shareholders of Inang Rosing's BBQ, Inc. but have not received any monies or payment from Inang Rosing's BBQ, Inc., either in the form of wages, salaries, dividends, profit shares, from the time of its inception to the present; that ROLANDO ROBERTO remains the named secretary and ROSALINDA FELDE remains the named treasurer of Inang Rosing's BBQ, Inc. but have not acted as such secretary and/or treasurer of the corporation at all times material to this action up to and including the date of this Answer.

10. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE admit the allegations contained in paragraph 10 of the complaint.

COUNT I
(Violation of Title 47 U.S.C. section 605)

11. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE incorporate by reference all the responses to paragraphs 1 through 10 as though fully set forth herein.

12. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the

allegations contained in paragraph 12 of the complaint and on that basis deny each and every allegation contained therein.

13. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint and on that basis deny each and every allegation contained therein.

14. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and on that basis deny each and every allegation contained therein.

15. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 15 of the complaint.

16. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint and on that basis deny each and every allegation contained therein.

17. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 17 of the complaint.

18. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE are without sufficient knowledge and information to form a belief as to the truth of the

allegations contained in paragraph 18 of the complaint and on that basis deny each and every allegation contained therein.

19.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 19 of the complaint.

## COUNT II
### (Violation of Title 47 U.S.C. section 553)

20.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE incorporate by reference all the responses to paragraphs 1 through 19 as though fully set forth herein.

21.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 21 of the complaint.

22.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 22 of the complaint.

23.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 23 of the complaint.

24.     Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 24 of the complaint.

///

///

## COUNT III
### (Conversion)

25. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE incorporate by reference all the responses to paragraphs 1 through 24 as though fully set forth herein.

26. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 26 of the complaint.

27. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 27 of the complaint.

28. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE deny generally and specifically each and every allegation contained in paragraph 28 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that the complaint and each of the purported causes of action stated therein fails to state grounds sufficient to constitute a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that the complaint and each of the purported causes of action stated therein are barred by the doctrine of laches.

///

///

### THIRD AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that other parties not named in the complaint and/or their agents and employees, excluding these answering defendants, were fully or comparatively at fault and that should complainant recover damages against any of these answering defendants, then these answering defendants are entitled to have these amounts abated, reduced, or eliminated. These answering defendants further request a judgment and declaration of full or partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### FOURTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that by plaintiff's actions, plaintiff has waived any rights it may have had against these answering defendants and is estopped and barred from alleging the matters set forth in said complaint.

### FIFTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that plaintiff should take nothing by way of his complaint because he comes into Court with unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that plaintiff voluntarily and knowingly entered into and engaged in the transaction, operation and conduct alleged in the complaint, and voluntarily and knowingly assumed all the risks incident to said transaction, operation, acts and conduct at the time and place mentioned in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that these answering defendants did not breach any duty, contractual or statutory, to plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that the sole proximate cause of the incident referred to in the complaint was the carelessness and negligence of plaintiff and/or their officers, agents, employees, servants and representatives, proximately contributing to the happening of the incident, and to the injuries, loss and/or damages complained of, if any there were, barring recovery.

### NINTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that each of plaintiff's claims set forth in the complaint is barred because all actions undertaken by defendants were reasonable, just and proper.

### TENTH AFFIRMATIVE DEFENSE

These answering defendants allege, solely by way of an affirmative defense not to be construed as an admission, that plaintiff failed to allege facts upon which a claim for punitive and/or exemplary damages may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle answering defendants to the rights afforded defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, sections 7, 15 and 17 and Article IV, section 16 of the California Constitution. The procedural laws which deny

answering defendants such rights, including the lack of requirement that plaintiff prove beyond a reasonable doubt the basis for imposing punitive damages violate answering defendants rights under such constitutional provisions.

## RESERVATION OF DEFENSES

These answering defendants reserve the right to raise additional affirmative defenses as they become known during the course of litigation.

WHEREFORE, these answering defendants pray for judgment as follows:

1. That plaintiff takes nothing by its complaint.

2. For attorney's fees.

3. For costs of suit incurred herein, and

4. For such other and further relief as the Court deems proper.

## CROSS-CLAIM AGAINST INANG ROSING'S BBQ, INC. AND THIRD PARTY COMPLAINT AGAINST RODOLFO V. ROBERTO

Defendants/Cross-claimants ROWENA R. LEE, ROLANDO V. ROBERTO, ROSALINDA R. FELDE cross-claim against co-defendant INANG ROSING'S BBQ, INC. and name as a necessary third-party defendant RODOLFO V. ROBERTO in the above-entitled action, as follows:

## JURISDICTIONAL ALLEGATIONS

1. This cross-claim and third party complaint relate to the same occurrence that is the subject matter of the original action.

2. Cross-Defendant INANG ROSING'S BBQ, INC. is a co-defendant of cross-claimants in the original action, and is a corporation established under the laws of the State of California whose principal place of business is in Santa Clara County.

3. Defendants ROWENA R. LEE, ROLANDO V. ROBERTO and ROWENA R. FELDE are informed, believe and on this basis assert that the third party defendant, RODOLFO ROBERTO, at all material times herein alleged, is a resident of Santa Clara County, State of California.

4. Third party defendant RODOLFO ROBERTO is a declared 20% shareholder of cross-defendant INANG ROSING's BBQ, INC. doing business as Inang Rosing's BBQ in Milpitas, Santa Clara County, State of California.

## GENERAL ALLEGATIONS

5. Cross-claimants herewith refer to and by that reference incorporate as though fully set forth herein, each and every allegation contained herein above.

6. Cross-Defendant INANG ROSING'S BBQ, INC. (sometimes referred to as "CORPORATION" for brevity) was established at or about April 2005, with principal place of business at 100 Dixon Road, Milpitas, California. Named officers of the corporation were ROWENA R. LEE, as Chief Executive Officer, ROLANDO V. ROBERTO, secretary, and ROSALINDA FELDE, Chief Financial Officer.

7. ROWENA R. LEE, ROLANDO ROBERTO, ROSALINDA R. FELDE, ROMERO ROBERTO and third party defendant RODOLFO ROBERTO are siblings and declared equal shareholders (owners of 20% share each) of the Corporation.

8. The Corporation was established specifically to operate the business of the restaurant called Inang Rosing's BBQ ("RESTAURANT" for brevity) located at 100 Dixon Road in Milpitas, California.

9. Cross-claimants ROWENA LEE, ROLANDO ROBERTO, ROSALINDA FELDE, and on information and belief, ROMERO ROBERTO, agreed to be involved in the Corporation upon the request of and in order to help their eldest brother third party defendant RODOLFO ROBERTO.

10. From the time the restaurant opened its doors to the public and began its business, however, cross-claimants never actively participated in the restaurant or the corporation. Defendant RODOLFO ROBERTO, for all intents and purposes, solely made decisions for, hired and fired employees of, and received any and all proceeds generated by the restaurant. In short, defendant RODOLFO ROBERTO solely operated and managed the restaurant from its inception to the present.

11. Cross claimants ROWENA LEE, the named Chief Executive Officer of the corporation until 2005, ROLANDO ROBERTO, the named secretary, ROSALINDA FELDE, the named treasurer, have not exercised the powers or responsibilities of their respective corporate offices from the inception of the corporation or the restaurant to the present.

12. The Alcoholic Beverage License, Environmental Health Permit, Seller's Permit under which the Restaurant operated, were at all times material herein, in the name of the corporation, INANG ROSING'S BBQ, INC. Cross-claimants ROWENA LEE, ROLANDO ROBERTO and ROSALIDA FELDE are informed, believe and on this basis assert that any other permit, license, account or other arrangement used by the restaurant for its business or operation were in the name of the corporation, INANG ROSING'S BBQ, INC. or in the name of RODOLFO ROBERTO, cross-claimants' eldest brother.

13. On January 17, 2008, a complaint was filed by plaintiff, naming the corporation and the third party claimants as defendants, for alleged acts that occurred at the restaurant last January 21, 2006.

14. Cross-claimants were without control or knowledge of the operations, management and specific goings on of the restaurant, much less any knowledge of or control over the subject matter of plaintiff's complaint that allegedly took place on January 21, 2006.

15.     Cross-claimants did not have control, knowledge, much less did they ratify, approve or otherwise aid, abet any person or entity in the alleged commission of any contractual or statutory violation subject matter of plaintiff's complaint, or otherwise profit from any alleged illegal activity or alleged contractual or statutory violation subject matter of plaintiff's complaint, if at all any such activity took place.

Hence, this cross-claim and third party complaint.

### FIRST CAUSE OF ACTION
INDEMNIFICATION

As a first, separate and distinct cause of action, cross-claimants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE complain against their co-defendant INANG ROSING'S BBQ, INC. and/or against third party defendant RODOLFO ROBERTO, and for a cause of action allege:

16.     Cross-claimants herewith refer to and by that reference incorporates as though fully set forth herein, each and every allegation contained herein above.

17.     The main action alleges, among other things, intentional, negligent or other conduct by cross-claimants that purportedly entitles plaintiff to statutory and other damages.

18.     Cross-claimants allege that they are NOT liable in any shape or form for the events and occurrences stated and described in plaintiff's complaint.

19.     The damages complained of, if any there were, were directly and proximately caused by the act, omission, fraud, carelessness, negligence and/or fault of co-defendant INANG ROSING'S BBQ, INC. and/or third party defendant RODOLFO ROBERTO.

20.     Should cross-claimants be found in some manner responsible to plaintiff, or to anyone else as a result of the incidents and occurrences stated and described in plaintiff's complaint, cross-

claimants' liability, if at all, is purely derivative, vicarious or even only in legal fiction and not resulting from their conduct, omission, breach, fraud, negligence or misrepresentation.

21.   Cross-claimants' liability, if at all they are to be deemed liable, would be based on an act of third party defendant RODOLFO ROBERTO that is illegal and exceeds the course and scope of any authority granted him by the cross-defendant Corporation.

22.   Should any liability, monetary or otherwise, be imposed on defendants/cross-claimants as a result of the principal action, they are entitled to full indemnification from INANG ROSING'S BBQ, INC., RODOLFO ROBERTO or INANG ROSING'S BBQ, INC. and RODOLFO ROBERTO, jointly and severally.

WHEREFORE, cross-claimants pray for judgment against INANG ROSING'S, INC. and RODOLFO ROBERTO as set forth herein.

## SECOND CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY/AGENCY

As a second, separate and distinct cause of action, cross-claimants ROWENA R. LEE, ROLANDO V. ROBERTO and ROSALINDA R. FELDE complain against third party defendant RODOLFO ROBERTO, and for a cause of action allege:

23.   Cross-claimants herewith refer to and by that reference incorporates as though fully set forth herein, each and every allegation contained herein above.

24.   In April 2004, cross-claimants agreed to be named officers of the corporation known as INANG ROSING'S BBQ, INC. They did so, together with their brother ROMERO ROBERTO, upon the request of and in order to help their oldest sibling, third party defendant RODOLFO ROBERTO.

25.   Cross-claimants, as corporate officers, were corporate officers in name only. From the corporation's creation and inception, cross-claimants never exercised the powers or responsibilities

of their respective offices, they did not have a hand in the operation, management or control over the Corporation or the Restaurant, such management, operation and control being exercised solely by third party defendant RODOLFO ROBERTO. Cross-claimants never received any pecuniary benefit from the Corporation or the Restaurant, either in the form of salary, wage, dividend, profit share or other benefit.

26. As one of the named shareholders of the Corporation and the person entrusted with sole management and control over the operations, business and affairs of the Restaurant Inang Rosing's BBQ, RODOLFO ROBERTO is an agent of the principal INANG ROSING'S BBQ, INC. and stands in a fiduciary relationship with the other shareholders of the Corporation. As such agent and fiduciary, RODOLFO ROBERTO is required to act in good faith in the operation of the Restaurant as well as towards cross-claimants and the other shareholders of the Corporation. RODOLFO ROBERTO is duty bound to act in the highest of good faith towards cross-claimants and the other shareholders of the Corporation, keeping in mind the latter's interest, and not take any undue advantage over them in the slightest misrepresentation or concealment.

27. RODOLFO REOBERTO, if he in fact committed the acts alleged in the main action, have done so in breach of his fiduciary obligations to cross-claimants, as such acts were performed unilaterally, concealed from and made without the knowledge, consent or authority of cross-claimants.

28. As a proximate result of the breach of agency and fiduciary duties herein above alleged, cross-claimants have suffered damages in terms of their exposure, time and money defending this lawsuit, all in an amount to be ascertained at the time of trial and according to proof.

WHEREFORE, cross-claimants pray for judgment against RODOLFO ROBERTO as set forth herein.

**On the First Cause of Action for Indemnification:**

1. For either cross-defendant INANG ROSING'S BBQ, INC. or third-party defendant RODOLFO ROBERTO, or both INANG ROSING'S BBQ, INC. and RODOLFO RBERTO, jointly and severally, to fully indemnify third party claimants in the event third party claimants are deemed in any way liable on the principal action.

**On the Second Cause of Action for Breach of Agency/Fiduciary Duty:**

1. For third party defendant RODOLFO ROBERTO to pay Cross-claimants compensatory and consequential damages according to proof;

2. For attorney's fees.

**On all Causes of Action:**

1. For costs of suit herein incurred;

2. For attorney fees;

3. For such other and further relief as the court may deem proper.

Dated:   May 19, 2008                              **M.G. TEODORO *LAW***

                                          By:  _____
                                               MAY ANTOINETTE G. TEODORO
                                               Attorney for Defendants, Cross-Claimants
                                               ROWENA LEE, ROLANDO ROBERTO
                                               and ROSALINDA FELDE

```
May Antoinette G. Teodoro (SBN 169494)
M.G. TEODORO LAW
1625 The Alameda, Ste. 800
San Jose, CA 95126
Telephone: (408) 491-9756
Facsimile:  (408) 491-9760
Attorney for Defendants
ROWENA R. LEE, ROLANDO V. ROBERTO
and ROSALINDA R. FELDE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROWENA R. LEE, ET AL., <br><br> Defendants, <br><br> ─────────────────────────── <br><br> RELATED CROSS CLAIM <br> ─────────────────────────── | Case No. C 08-00323 RMW |

### VERIFICATION

I, the undersigned, have read the foregoing Answer of Individual Defendants Rowena Lee, Rolando Roberto and Rosalinda Felde and Cross-claim for Indemnification, Breach of Fiduciary Duty, and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 27, 2008 at San Jose, California.

_____
ROSALINDA R. FELDE

May Antoinette G. Teodoro (SBN 169494)
**M.G. TEODORO** *LAW*
1625 The Alameda, Ste. 800
San Jose, CA 95126
Telephone: (408) 491-9756
Facsimile: (408) 491-9760
Attorney for Defendants
ROWENA R. LEE, ROLANDO V. ROBERTO
and ROSALINDA R. FELDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. C 08-00323 RMW |
| Plaintiff, | |
| v. | |
| ROWENA R. LEE, ET AL., | |
| Defendants, | |

RELATED CROSS CLAIM

### VERIFICATION

I, the undersigned, have read the foregoing Answer of Individual Defendants Rowena Lee, Rolando Roberto and Rosalinda Felde and Cross-claim for Indemnification, Breach of Fiduciary Duty, and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 27, 2008 at San Jose, California.

_____
ROWENA R. LEE

May Antoinette G. Teodoro (SBN 169494)
**M.G. TEODORO *LAW***
1625 The Alameda, Ste. 800
San Jose, CA 95126
Telephone: (408) 491-9756
Facsimile: (408) 491-9760
Attorney for Defendants
ROWENA R. LEE, ROLANDO V. ROBERTO
and ROSALINDA R. FELDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. C 08-00323 RMW |
| Plaintiff, | |
| v. | |
| ROWENA R. LEE, ET AL., | |
| Defendants, | |

RELATED CROSS CLAIM

## VERIFICATION

I, the undersigned, have read the foregoing Answer of Individual Defendants Rowena Lee, Rolando Roberto and Rosalinda Felde and Cross-claim for Indemnification, Breach of Fiduciary Duty, and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on _May 27_, 2008 at San Jose, California.

ROLANDO V. ROBERTO