Thomas P. Riley (SBN 194706)
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
First Library Square
1114 Fremont Avenue
South Pasadena CA 91030
Telephone No. (626) 799-9797
Facsimile No. (626) 799-9795

Attorney for Plaintiff
J & J SPORTS PRODUCTION, INC.

May Antoinette G. Teodoro (SBN 169494)
**M.G. TEODORO** *LAW*
1625 The Alameda, Ste. 800
San Jose, CA 95126
Telephone No. (408) 491-9756
Facsimile No. (408) 491-9760

Attorney for Defendants
ROWENA R. LEE, ROLANDO V. ROBERTO,
ROSALINDA R. FELDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. C 08-00323 RMW |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| v. | |
| ROWENA LEE, ET AL., | Date: July 25, 2008 |
| | Time: 10:30 A.M. |
| Defendants. | Judge: Hon. J. Ronald M. Whyte |
| RELATED THIRD PARTY CLAIM | |

Pursuant to this Court's Civil Local Rule, the Parties submit this Case Management

Conference Statement for the consideration of this Honorable Court.

Wherefore, the Parties make the following representations and recommendations:

**1.    Statement of Facts and Events Underlying This Action**.

Plaintiff, J & J Sports Productions, Inc., claims that the Defendants, Rowena R. Lee, Rolando V. Roberto, Rosalinda R. Felde and Inang Rosings's BBQ, Inc., misappropriated a televised professional boxing program to which the Plaintiff owned the exclusive commercial exhibition rights and thereafter exhibited the *Program* at the commercial establishment (Inang Rosings's BBQ) in Milpitas, California which they operate. The subject *Program,* broadcast on Saturday, January 21,2006, was the "The Battle:" *Erik Morales v. Manny Pacquiao Il WBC International Super Featherweight Championship Fight Program* (hereinafter *"Program* ").

The Defendants Rowena R. Lee, Rolando Roberto and Rosalinda R. Felde deny exhibition of the *Program* or any liability of any alleged exhibition of the *Program* and cross-claimed against Inang Rosing's BBQ, Inc. and Rodolfo V. Roberto.

**2.    The Principal Factual Issues to Which the Parties Dispute**.

The Defendants dispute the factual contentions concerning the exhibition of the *Program* as alleged by the Plaintiff in its complaint.

**3.    The Principal Legal Issues to Which the Parties Dispute.**

The Defendants deny liability under the causes of action and legal theories pled in Plaintiff's complaint.

The Plaintiff disputes the Defendants' affirmative defenses, each of them.

**4.    Other Factual Issues Which Remain Unresolved**.

In that this matter has only recently commenced the Parties are unaware at this time of which particular factual issues remain unresolved.

**5.    The Following Defendant Has Not Been Served.**

All defendant parties have been duly served. Third party defendants are in the process of being served as of date; third party defendants have not yet filed a responsive pleading.

**6.    Consent to Jurisdiction By a Magistrate Judge**

At this time the Parties do *not* consent to a Court trial presided over by a magistrate judge

**7.    Alternative Dispute Resolution**

The Parties propose a settlement conference before a U.S. District Court Magistrate Judge *as* the ADR process in this action.

**8.    Disclosures**

The Parties have agreed to exchange initial disclosures by and through their counsel on or before July 18, 2008.

**9.    Discovery**

The Parties respectfully request that the discovery in this action not be limited nor conducted in phases. The Parties propose a discovery cut off date of November I, 2009.

**10.    Proposed Pre-trial and Trial Schedule**

Should a trial in this matter become necessary, the Parties believe such could be conducted in two (2) to three (3) days. The Parties propose a bench trial date to commence in December 2009.

///

///

///

///

///

## Signature and Certification By Lead Trial Counsel

Pursuant to Civil L.R. 16-12, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities and has considered whether their case might benefit from-any of the available dispute resolutions options.

Date: July 9, 2008                    /s/ Thomas P. Riley
                                      LAW OFFICES OF THOMAS P, RILEY, P.C.
                                      By: Thomas P. Riley
                                      Attorneys for Plaintiff
                                      J & J Sports Productions, Inc.

Date: July 11, 2008                   /s/ May Antoinette G. Teodoro
                                      M.G. TEODORO LAW
                                      By: May Antoinette G. Teodoro
                                      Attorney for Defendants
                                      Rowena R. Lee
                                      Rolando V. Roberto
                                      Rosalinda R. Felde

///

///

///

///

///

///

///

///

///

**Case Management Order (Proposed)**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order.

In addition the Court orders:

Dated: _____                         _____
                                          The Honorable Ronald M. Whyte
                                          United States District Court Judge
                                          Northern District of California